UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SONJA R. BUSH,

      Plaintiff,

v.                                Case No:  2:18-cv-205-FtM-MRM

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____/

## OPINION AND ORDER

Before the Court is Plaintiff Sonja R. Bush's Complaint, filed on March 27, 2018. (Doc. 1). Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for supplemental security income benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint legal memorandum detailing their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.     Social Security Act Eligibility, the ALJ Decision, and Standard of Review

### A.     Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work or any

other substantial gainful activity that exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911. Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

**B.      Procedural History**

On October 24, 2014, Plaintiff filed an application for supplemental security income benefits. (Tr. at 83, 195-201). Plaintiff asserted an onset date of March 1, 2014. (*Id.* at 195). Plaintiff's application was denied initially on March 6, 2015, and on reconsideration on July 24, 2015. (*Id.* at 83, 97). Administrative Law Judge Benjamin Chaykin ("ALJ") held a hearing on January 31, 2017. (*Id.* at 36-73). The ALJ issued an unfavorable decision on May 15, 2017. (*Id.* at 19-29). The ALJ found Plaintiff not to be under a disability since October 24, 2014, the date the application was filed. (*Id.* at 29).

On February 7, 2018, the Appeals Council denied Plaintiff's request for review. (*Id.* at 1-5). Plaintiff filed a Complaint in the United States District Court on March 27, 2018. (Doc. 1). This case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (*See* Doc. 18).

**C.      Summary of the ALJ's Decision**

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that she is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).[1] An ALJ must determine

---

[1] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 31.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform her past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 24, 2014, the application date. (Tr. at 21). At step two, the ALJ determined that Plaintiff suffered from the following severe impairments: "intracranial germinoma with hydrocephalus status-post craniotomy and shunt placement; headaches; and cognitive disorder (20 [C.F.R. §] 416.920(c))." (*Id.*). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926). (*Id.* at 22).

At step four, the ALJ determined the following as to Plaintiff's residual functional capacity ("RFC"):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. §] 416.967(b) except: (1) no climbing of ropes, scaffolds or ladders; (2) occasional climbing of ramps or stairs; (3) no exposure to dangerous hazards such as unprotected heights or dangerous machinery; (4) limited to simple, routine tasks, simple instructions and simple work-related decisions; and (5) limited to a static work environment, with few changes in the work setting.

(Tr. at 24-25).

The ALJ found Plaintiff has no past relevant work. (*Id.* at 28). At step five, the ALJ determined that considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (*Id.*). The ALJ noted that the vocational expert identified the following representative occupations for an individual with Plaintiff's age, education, work experience, and RFC: (1) sales attendant, DOT # 299.677-010, light, SVP 2; (2) cafeteria attendant, DOT # 311.677-010, light, SVP 2; and (3) order caller, DOT # 209.667-014, light, SVP 2. (*Id.* at 29).[2] The ALJ concluded that Plaintiff was not under a disability since October 24, 2014, the date of the application. (*Id.*).

### D. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's

---

[2] "DOT" refers to the *Dictionary of Occupational Titles*.

decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## II. Analysis

On appeal, Plaintiff raises one issue. As stated by the parties, the issue is: Whether the ALJ erred by failing to account for all of the limitations associated with Plaintiff's severe impairment of cognitive disorder. (Doc. 19 at 15). Within this one issue, Plaintiff raises at least four sub-issues, as set forth below.

First, Plaintiff asserts that the examining psychologist, Dr. Shimoda, determined that Plaintiff would need accommodations to complete simple tasks, but Plaintiff argues that the ALJ did not include all of these limitations in Plaintiff's RFC. (Doc. 19 at 15-16). Second, Plaintiff argues that the ALJ found Plaintiff to have severe impairments at step two of the sequential evaluation, but did not include related limitations in the RFC. (*Id.* at 16). Third, Plaintiff argues that the ALJ did not fully explain why he afforded only some weight to Dr. Shimoda's opinion. (*Id.* at 17-19). Fourth Plaintiff argues that the ALJ should have re-contacted Dr. Shimoda or arranged for a consultative examination. (*Id.* at 25).

The Court begins by addressing the weight afforded Dr. Shimoda's opinion and then turns to the remaining arguments.

### *Whether the ALJ Afforded Proper Weight to Dr. Shimoda's Opinion*

Plaintiff argues that the ALJ did not fully explain why he afforded only some weight to Dr. Shimoda's opinion. (*Id.* at 17-19). Weighing the opinions and findings of treating,

examining, and non-examining physicians is an integral part of the ALJ's RFC determination at step four. *See Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012). The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011). Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)).

Even though examining doctors' opinions are not entitled to deference, an ALJ is nonetheless required to consider every medical opinion. *Bennett v. Astrue*, No. 308-CV-646-J-JRK, 2009 WL 2868924, at *2 (M.D. Fla. Sept. 2, 2009) (citing *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004)). "The ALJ is to consider a number of factors in determining how much weight to give to each medical opinion: (1) whether the doctor has examined the claimant; (2) the length, nature, and extent of a treating doctor's relationship with the claimant; (3) the medical evidence and explanation supporting the doctor's opinion; (4) how consistent the doctor's 'opinion is with the record as a whole'; and (5) the doctor's specialization." *Forsyth v. Comm'r of Soc. Sec.*, 503 F. App'x 892, 893 (11th Cir. 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(c)).

In this case, Kim Shimoda, Ph.D., a licensed school psychologist, examined Plaintiff on September 30, 2015 and October 7, 2015, based on a referral from Plaintiff's oncologists for a

neuropsychological evaluation. (Tr. at 763). The ALJ summarized Dr. Shimoda's

Neuropsychological Evaluation throughout the decision as follows:

> Neuropsychological evaluation revealed a full scale IQ of 80, which is in the below-average range (Exhibit 15F/3), with average crystallized intelligence, below average visual processing/fluid reasoning, average short-term memory, and below-average processing speed (Exhibit 15F/4). The claimant's academic achievement was at or above expectation given her intellectual abilities (Exhibit 15F/6). Testing also revealed below-average to average memory functioning in multiple areas (Exhibit 15F/7). Overall, the undersigned finds that the evidence is consistent with moderate limitations in understanding, remembering and applying information secondary to cognitive disorder. . . .

> With few exceptions, behavioral observations throughout the record have been normal and age-and situation-appropriate (Exhibit 2F/1; 3F/13; 7F/51; 11F/4; 15F/3). . . .

> At [the] neurocognitive evaluation in September and October 2015, the claimant displayed generally good attention and concentration (Exhibit 15F/3). However, her ability to perform cognitive tasks under pressure to sustain controlled attention and concentration was in the low-average range (Exhibit 15F/4-5). On testing of memory function, the claimant's attention and concentration index fell in the below average range (Exhibit 15F/7). Given these findings, the undersigned finds that the claimant's cognitive disorder results in moderate limitation in the claimant's ability to concentrate, persist and maintain pace.

(Tr. at 23-24).

Plaintiff does not argue that the ALJ incorrectly summarized Dr. Shimoda's

Neuropsychological Evaluation findings and, based upon the Court's independent review of Dr.

Shimoda's evaluation, the Court finds that the ALJ accurately summarized it. (*Id.*).

The ALJ afforded Dr. Shimoda's Neuropsychological Evaluation "some weight" as

explained below:

> The undersigned gives some weight to the opinion of examining psychologist Kim Shimoda, Ph.D. at Exhibit 15F, recommending accommodations for the claimant's studies, including extra time for assignments, visual cues, focusing on one task at a time, short breaks as needed, routine, external prompting, and alternating tasks. Dr. Shimoda also recommended that the claimant receive vocational services following graduation. The record does not demonstrate that the claimant obtained any accommodations for her studies or for state testing purposes, but received her

diploma nevertheless. The claimant was able to answer testing questions appropriately, and has been able to volunteer for several hours per day on multiple days of the week in order to assist high school students with accessing online content, and helping with English and Social Studies coursework. Furthermore, Dr. Shimoda's recommendations most directly concerned the claimant's academic, rather than work-related needs, and, in any case, the undersigned has accommodated the claimant by limiting her to simple, routine tasks, instructions and decisions in a static work environment. Therefore, although Dr. Shimoda's testing results were valid and consistent with the record, Dr. Shimoda's recommendations are less consistent with the claimant's demonstrated abilities to perform work-related tasks. As such, the undersigned gives this opinion some weight.

(*Id.* at 27).

Here, the Court finds that the ALJ's discussion of Dr. Shimoda's Neuropsychological Evaluation and the opinions contained therein were "in depth and do[] not leave us wondering how the ALJ came to his decision." *Colon v. Colvin*, 660 F. App'x 867, 870 (11th Cir. 2016). The ALJ's decision demonstrates thoughtful consideration of the findings and supports the overall conclusion regarding Plaintiff's mental health limitations. *See id.*

Specifically, the Court finds that the ALJ accurately discussed Dr. Shimoda's Neuropsychological Evaluation and demonstrated good cause to afford it some weight, finding it directed mainly to an academic setting and not a work environment. (Tr. at 27). Further, the ALJ noted that the evidence in the record did not support the accommodations Dr. Shimoda found necessary nor did it taking into account that Plaintiff volunteered for several hours per day, multiple days per week to assist high school students in their course work. (*Id.*). In addition, the ALJ clearly considered and gave some weight to Dr. Shimoda's opinion as evinced by the RFC limitations of "simple, routine tasks, simple instructions and simple work-related decision, and [] limited to a static work environment, with few changes in the work setting." (*Id.* at 24-25). For these reasons, the Court finds that the ALJ demonstrated good cause to afford Dr. Shimoda's opinion some weight.

Plaintiff argues that the ALJ did not state that the examining medical professionals are preferred over non-examining sources and the ALJ did not consider that Dr. Shimoda is a psychologist with a "clinical interest in the cognitive effects of childhood cancer." (Doc. 19 at 21). The Court finds these arguments unpersuasive. In the decision, the ALJ states that Dr. Shimoda was an examining psychologist. (Tr. at 27). Also, the ALJ carefully considered Dr. Shimoda's Neuropsychological Evaluation. (Tr. at 23-24, 27). Further, within the Evaluation, Dr. Shimoda indicates she was referred this case from Plaintiff's oncologists and, throughout the Evaluation, Dr. Shimoda focuses on Plaintiff's diagnosis and treatment, including Plaintiff's radiology treatment and the effects this treatment may have on Plaintiff's brain function. (*Id.* at 763-83). Thus, the Court finds that the ALJ was aware that Dr. Shimoda examined Plaintiff twice and that Dr. Shimoda focused her Evaluation on Plaintiff's cancer and subsequent treatment.

Plaintiff also argues that the term "'some weight' has no obvious meaning, particularly since the ALJ appeared to entirely credit Dr. Shimoda's testing results yet rejected the recommendations of Dr. Shimoda based on those same results." (Doc. 19 at 22). The Court disagrees. The term "some weight" implies that the ALJ agreed with some portions of Dr. Shimoda's opinion, but not the entire opinion, as is the case here. The ALJ found Dr. Shimoda's testing results to be valid and consistent with the record, but found Dr. Shimoda's recommendations to be less consistent with Plaintiff's demonstrated abilities. (Tr. at 27). Thus, the Court finds that the term "some weight" in conjunction with the ALJ's explanation is clear.

Plaintiff further argues that the ALJ substituted his opinion for that of Dr. Shimoda's by crediting the testing but not Dr. Shimoda's recommendations for accommodations. (Doc. 19 at 22). The Court finds this argument unpersuasive, especially in light of Dr. Shimoda's

Neuropsychological Evaluation targeting ways to implement accommodations for Plaintiff to reach her academic goals and not discussing Plaintiff's abilities in a work environment. (Tr. at 770-74).

In addition, Plaintiff contends that the ALJ did not acknowledge that Plaintiff attended a non-traditional school. (Doc. 19 at 23). Contrary to Plaintiff's argument, the ALJ noted that Plaintiff attended a school "at her own pace because some subjects took her longer to comprehend." (Tr. at 23). Further, one reason the ALJ afforded Dr. Shimoda's opinion some weight was because the record evidence did not show that Plaintiff required accommodations for her studies at school or for state testing to achieve her diploma. (*Id.* at 27). Plaintiff failed to cite to record evidence that unequivocally contradicting the ALJ's statement.

Plaintiff also contends that her volunteer activities allowed her flexibility to appear whenever she chose and, thus, that her "volunteerism is founded on an accommodation." (Doc. 19 at 23-24). The Court finds this argument unpersuasive. The ALJ acknowledged that Plaintiff volunteered at her prior school "for several hours per day on multiple days of the week." (Tr. at 27). Thus, the ALJ was aware that Plaintiff did not volunteer the same amount of hours or days as full-time employment. To support her contention, Plaintiff cites to her grandmother's testimony that she does not volunteer some days and then cites to testimony indicating that Plaintiff gets frustrated with some of the students at this school. (Doc. 19 at 23). These statements do not support Plaintiff's contention that her volunteerism is an accommodation.

For the foregoing reasons, the Court finds that the ALJ's decision to afford some weight to Dr. Shimoda's opinion is supported by substantial evidence.

*Whether the ALJ Erred in Failing to Include Limitations Based on His Severe Impairment Findings*

Plaintiff argues that the ALJ found Plaintiff's intracranial germinoma with hydrocephalus status-post craniotomy and shunt placement, headaches, and cognitive disorder to be severe impairments at step two, but erred in failing to include any related limitations in the RFC. (Doc. 19 at 16). An ALJ does err solely by failing to include limitations in the RFC even when he finds severe limitations at step two of the sequential evaluation. *Davis v. Comm'r of Soc. Sec.*, No. 6:12-CV-1694-ORL-36, 2013 WL 6182235, at *6 (M.D. Fla. Nov. 25, 2013). The severity standard at step two is a *de minimus* hurdle to weed out non-meritorious claims and, thus, does not necessarily mean that such an impairment will affect the RFC determination. *Id.*; *see also McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) ("Step two is a threshold inquiry. It allows only claims based on the most trivial impairments to be rejected."). Thus, the Court finds that even though the ALJ found certain impairments severe at step two of the sequential evaluation, he did not err in failing to include limitations as to these severe impairments in Plaintiff's RFC.

*Whether the ALJ Erred in Failing to Include Dr. Shimoda's Limitation Findings in Plaintiff's RFC*

Plaintiff argues that the ALJ erred in not including the limitations found by Dr. Shimoda in Plaintiff's RFC. (Doc. 19 at 15-618-19). Plaintiff contends that Dr. Shimoda opined that Plaintiff would require numerous accommodations to perform basic tasks, but the ALJ did not include any of these limitations in Plaintiff's RFC. (*Id.* at 19).

"The residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). An individual's RFC is her ability to do

physical and mental work activities on a sustained basis despite limitations secondary to her established impairments. *Delker v. Comm'r of Soc. Sec.*, 658 F. Supp. 2d 1340, 1364 (M.D. Fla. 2009). In determining a claimant's RFC, the ALJ must consider all of the relevant evidence of record. *Barrio v. Comm'r of Soc. Sec.*, 394 F. App'x 635, 637 (11th Cir. 2010). However, the Eleventh Circuit has consistently held that "the claimant bears the burden of proving that he is disabled, and consequently, he is responsible for producing evidence in support of his claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

As set forth above, the Court found that the ALJ properly considered Dr. Shimoda's Neuropsychological Examination and properly afforded her opinion some weight. *Supra*. The ALJ decided to afford Dr. Shimoda's opinion some weight in part because Dr. Shimoda's recommendations concerned Plaintiff's academic rather than work-related needs. (Tr. at 27). Further, the ALJ also considered that Plaintiff volunteered for several hours on multiple days of the week at her prior school helping students with their studies (*Id.*). Finally, the ALJ accommodated Plaintiff by including in Plaintiff's RFC limitations, such as limiting Plaintiff to simple, routine tasks, simple instructions, and simple work-related decisions in a static work environment. (*Id.*). Thus, the Court finds that the ALJ's decision to afford some weight to Dr. Shimoda's opinion is supported by substantial evidenced and, therefore, the ALJ was not required to adopt all of Dr. Shimoda's limitation findings in Plaintiff's RFC or in the hypothetical to the vocational expert. *See Lee v. Comm'r of Soc. Sec.*, 448 F. App'x 952, 953 (11th Cir. 2011) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004)) (finding that an ALJ is not required to include findings in the hypothetical that the ALJ found to be unsupported by the record).

*Whether the ALJ Erred in Not Re-Contacting Dr. Shimoda or Not Engaging a Consultative Expert*

Finally, Plaintiff argues that the ALJ should have re-contacted Dr. Shimoda to obtain further evidence of Plaintiff's impairments or should have engaged a consultative examiner. (Doc. 19 at 25).

The Commissioner argues that the ALJ was not required to re-contact Dr. Shimoda, order a consultative examination, or further develop the record because the record contained adequate evidence for the ALJ to make his decision. (*Id.* at 30).

A hearing before an ALJ is not an adversarial proceeding and the ALJ has a basic duty to develop a full and fair record. *Robinson v. Astru*e, 365 F. App'x 993, 998 (11th Cir. 2010) (citing *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997)). "According to Social Security regulations, an ALJ should recontact a claimant's treating physician if the evidence in the record is otherwise inadequate to determine whether the claimant is disabled. 20 C.F.R. §§ 404.1512(e), 416.912(e)." *Id.* at 999. To determine if remand is necessary, a court must determine whether the record reveals evidentiary gaps that would result in unfairness or clear prejudice. *Id.* (citing *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995)). In addition, an ALJ "is not required to order a consultative examination as long as the record contains sufficient evidence for the administrative law judge to make an informed decision." *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1269 (11th Cir. 2007).

Here, Plaintiff failed to show an evidentiary gap that would result in unfairness or clear prejudice. Further, the record contained sufficient evidence for the ALJ to render his decision. The ALJ carefully considered Dr. Shimoda's opinion and supplied many reasons to afford it some weight. (*See* Tr. at 23-24, 27). The ALJ included certain limitations in Plaintiff's RFC based upon Dr. Shimoda's Neuropsychological Evaluation. (*See id.* at 27). Thus, the Court

finds that the ALJ did not err by failing to recontact Dr. Shimoda or in failing to order a consultative examination.

## III. Conclusion

Upon consideration of the submissions of the parties and the administrative record, the Court finds that substantial evidence supports the ALJ's decision and the decision was decided upon proper legal standards.

Accordingly, it is hereby **ORDERED:**

The decision of the Commissioner is hereby **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on March 11, 2019.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties